UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RICHARD L. MUNSTER, JR.                        CIVIL ACTION

VERSUS                                         NUMBER: 13-0621

22ND JUDICIAL DISTRICT COURT                   SECTION: "S"(5)


                      REPORT AND RECOMMENDATION

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Richard L. Munster, Jr., and the State's response thereto.  (Rec. docs. 1, 8, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Munster's petition be dismissed with prejudice.

    Petitioner Munster is a state prisoner who is presently incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana.  On November 22, 2010, Munster pled guilty to seven separate drug charges, and to being a repeat felony offender under LSA-R.S. 15:529.1, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, and was

thereupon sentenced to concurrent jail terms of twenty years as to the first count and ten years as to the remaining six counts. (St. ct. rec., vol. 1 of 2).  Munster did not directly appeal his conviction or sentences which thus became final on December 23, 2010 when the thirty-day appeal period prescribed by LSA-C. Cr. P. Art. 914(B)(1) expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires").

In the meantime, Munster had corresponded with the Clerk of the Twenty-Second Judicial District Court seeking a copy of the bill of information and sentencing minutes in his criminal cases. (St. ct. rec., vol. 1 of 2).  On July 11, 2011, Munster then filed a motion for production of documents that were generated in his criminal case. (Id.).  On July 13, 2011, the trial court granted Munster's motion in part, ordering that he be provided with a copy of his plea transcript, bill of information, court minutes, and commitment papers but denying the request for any additional documents for failure to show a particularized need. (Id.).  On February 23, 2012, some fourteen months after his conviction had become final, Munster signed and dated a post-conviction relief application ("PCRA") that was filed in the trial court on February

27, 2012.  (Id.).[1]/  Munster subsequently supplemented that PCRA with a filing on April 11, 2012.  (Id.).  On June 11, 2012, the trial court denied Munster's PCRA.  (Id.).  His subsequent writ applications to the Louisiana First Circuit Court of Appeal, State v. Munster, No. 2012-KW-1199 (La. App. 1st Cir. Oct. 2, 2012)(unpublished order), and to the Louisiana Supreme Court, State ex rel. Munster v. State, 109 So.3d 378 (La. 2013), met similar fates.  Munster signed and dated his federal habeas petition on March 28, 2013.  (Rec. doc. 1, p. 15).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Munster have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326,

---

[1]/ The PCRA had been notarized earlier on February 14, 2012. (St. ct. rec., vol. 1 of 2).  That earlier date has no effect on the recommendation to be made herein.

328-29 (5th Cir. 1999).

As noted above, Munster's conviction became final on December 23, 2010 when the thirty-day appeal period prescribed by Article 914(B)(1) expired and no motion therefor was made.  At that point, the one-year limitation period set forth in §2244(d) began to run and had expired by the time that Munster signed and dated his PCRA on February 23, 2012.  Although Munster had, in the interim, requested and litigated his entitlement to a free copy of documents that were generated in his criminal case, such matters do not qualify as "...application[s] for State post-conviction or other collateral review..." so as to toll the limitations period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of his conviction or sentences.  Boyd v. Ward, No. 01-CV-0493, 2001 WL 533221 at *4 (E.D. La. May 15, 2001); Brisbon v. Cain, No. 99-CV-3078, 2000 WL 45872 at *2 (E.D. La. Jan. 18, 2000).  As Munster had no qualifying proceedings pending before the state courts in the one-year period following the date that his conviction became final, and because no factors are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402

(5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended that Munster's petition be dismissed with prejudice as untimely.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Richard L. Munster, Jr. be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __18th__ day of _____June_____, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE